United States District Court
Southern District of Texas
**ENTERED**
May 20, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| DANIEL VALLEJO RECIO, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:24-cv-042 |
| | § | |
| BOBBY LUMPKIN, | § | |
|     Respondent. | § | |
| | § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of pro se Petitioner Daniel Vallejo Recio's Amended "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" (hereinafter, Vallejo Recio's "§ 2254 Petition"). Dkt. No. 11. For the reasons provided below, it is recommended that the Court: (1) **DISMISS** Vallejo Recio's Petition without prejudice; (2) **DIRECT** the Clerk of Court to **CLOSE** this case; and (3) decline to issue a certificate of appealability.

### I.   JURISDICTION

The Court has jurisdiction over the subject matter and parties under 28 U.S.C. §§ 1331, 2241(d), and 2254, which provide that jurisdiction is proper where the incarcerated petitioner is confined or where his state conviction was obtained. *See* 28 U.S.C. §§ 1331, 2241(d), 2254. Vallejo Recio's state criminal proceedings took place in Cameron County, which is within the Brownsville Division. Dkt. No. 11; *see* 28 U.S.C. § 124(b)(4) ("The Brownsville Division comprises the counties of Cameron and Willacy.").

## II. Background

On March 20, 2024, Vallejo Recio filed, in this Court, a state application for a writ of habeas corpus seeking relief under Article 11.07 of the Texas Code of Criminal Procedure. Dkt. No. 1; *see* TEX. CODE CRIM. PROC. ANN. art. 11.07 ("Procedure after conviction without death penalty."). The next day, the Court informed Vallejo Recio that his state application lacked information relevant to a federal habeas petition. Dkt. No. 4. The Court ordered him to complete, sign, and submit an attached 28 U.S.C. § 2254 form petition if he indeed intended to file for federal habeas relief. *Id*. If he chose to file a federal habeas petition, the Court further ordered Vallejo Recio to: (1) provide the grounds and facts supporting each ground for relief; (2) state whether he exhausted his state court remedies; and (3) note whether he timely filed his petition. *Id*. The Court also ordered Respondent Bobby Lumpkin to provide all state court records relevant to this proceeding. Dkt. No. 5.

On April 19, 2024, Lumpkin filed his response to the Court's Order "stating that no 11.07 state writ could be found in [the Texas Court of Criminal Appeals'] records for the cause number [Vallejo] Recio challenges." Dkt. No. 8 at 1. Lumpkin attached correspondence from the Clerk of the Texas Court of Criminal Appeals ("TCCA") and the Cameron County District Clerk "indicating that no appeal or state writ were filed in the case number [Vallejo] Recio challenges." *Id*.

On May 13, 2024, Vallejo Recio filed his § 2254 Petition. Dkt. No. 11. In it, he confirms that he neither filed a direct appeal nor a state habeas petition raising the issues he does here. *Id*. at 2–3. When prompted to explain why he did not exhaust his state remedies, Vallejo Recio responded: "It is a spiritual prison hollocaust [sic]. Connection of

the Germany hollocaust [sic] to kill Daniel Vallejo Recio who is spiritual alife [sic]. . . ." *Id.* at 5, 10; *see also id.* at 7, 9 (repeating the same assertion).

### III. DISCUSSION

The applicable provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d), govern Vallejo Recio's Petition. *See Woodford v. Garceau*, 538 U.S. 202, 207 (2003). Relevantly, under AEDPA, a petitioner must fully exhaust his state court remedies before seeking federal habeas relief. 28 U.S.C. 2254(b)(1)(A); *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006). The "exhaustion requirement is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Carty v. Thaler*, 583 F.3d 244, 253 (5th Cir. 2009) (cleaned up). In Texas, a habeas petitioner "can satisfy the exhaustion requirement by presenting both the factual and legal substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas-corpus proceeding." *Ricketts v. Davis*, No. 4:16-cv-403-O, 2018 WL 2193908, at *2 (N.D. Tex. May 14, 2018) (first citing TEX. CODE CRIM. PROC. ANN. art. 11.07; and then citing *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)). Failure to "exhaust state court remedies by presenting the claim to the highest available state court" renders the claim procedurally defaulted, and generally bars a federal court from considering the merits of the claim on habeas review. *In re Davila*, 888 F.3d 179, 187 (5th Cir. 2018) (per curiam). "AEDPA excuses these [exhaustion] requirements only if the petitioner shows '(i) there is an absence of available state remedies in the courts of the State, or (ii) circumstances exist that render such processes ineffective to protect the rights of the applicant.'" *Quarterman*, 460 F.3d at 643 (quoting

28 U.S.C. § 2254(b)(1)(B)). The issue of exhaustion may be raised sua sponte. *See Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001).

The record plainly shows that Vallejo Recio did not present his claims to the Texas state courts by direct appeal or on habeas review. *See generally* Dkt. Nos. 1, 8, 11. Indeed, Vallejo Recio admits in his Petition that he failed to exhaust his state remedies. Dkt. No. 11 at 2–3. Additionally, Lumpkin provided affidavits from the Clerk of the TCCA and the Cameron County District Clerk stating that no state writs could be found in their respective records for the trial cause number Vallejo Recio challenges here. Dkt. Nos. 8-1 at 2; 8-2 at 2.[1] Because Vallejo Recio never presented the substance of his claims to the Texas state courts, he has not exhausted his state remedies. And his explanation for his failure to exhaust his state court remedies—"a spiritual prison hollocaust [sic]"—is insufficient to permit him to skirt the exhaustion requirement. *See* Dkt. No. 11 at 5, 7, 9, 10; *Quarterman*, 460 F.3d at 643. Accordingly, the Court should dismiss Vallejo Recio's Petition.

## IV.   CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (cleaned up). Where claims have been dismissed on

---

[1] The Court also conducted an independent records search and found no habeas petitions filed in the TCCA by Vallejo Recio.

procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 478. District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam). A certificate of appealability should not issue in this case because Vallejo Recio has not made a substantial showing of the denial of a constitutional right.

## V.  RECOMMENDATION

For the reasons stated above, it is recommended that the Court: (1) **DISMISS** Vallejo Recio's Petition without prejudice; (2) **DIRECT** the Clerk of Court to **CLOSE** this case; and (3) decline to issue a certificate of appealability.

## VI.  NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglas v. United Servs. Auto. Ass'n*, F. 3d 1415, 1428-29 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**SIGNED** on this **20th** day of **May, 2024**, at Brownsville, Texas.

_____
**Ignacio Torteya, III
United States Magistrate Judge**